PEOPLE, PLAINTIFF AND APPELLEE, *v.* VENDRELL, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for the Annulment of a Decision of the Irrigation Commission.

No. 2158.—Decided July 26, 1921.

IRRIGATION — WATER RIGHTS — PREFERRED RIGHTS — UNUSED WATERS. — Where a grantee to the rights of waters makes a contract with The People of Porto Rico wherein it shall award him an amount of water that is necessary, just and equitable, these words must be construed in connection with the terms of his original grant and not with the rights of other grantees.

ID.—ID.—ID.—ID.—There is no doubt that the Law of Waters and other laws of Porto Rico limit a grantee of water to the amount of water that he would be entitled to after preferred claims are allowed, without taking into consideration whether the grantees of preferred rights use such rights or not. The right to unused water belongs to the public and not to any particular grantee.

The facts are stated in the opinion.

*Messrs. Parra* and *Pérez Marchand* for the appellant.

*The Attorney General, Mr. J. E. Figueras, Fiscal,* and *Mr. R. Guillermety* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant is the owner of a farm of 963 acres named Obdulia and located in the jurisdiction of Santa Isabel. In 1884 the Government of Porto Rico, for the purposes of irrigation, granted this farm a right to take 265 liters of water per second from the Coamo river. Among the conditions imposed by the grant on the owner was that he could take water from the Coamo river only when the flow of the same was sufficient to secure the taking of 324 liters per

second as a preferred right of irrigation of the farms Florida, 'Destino and Santa Isabel. In 1908 the plaintiff Vendrell, for the purposes of forming a public system of irrigation in which would be included his farm, assigned all his right in the aforesaid grant to The People of 'Porto Rico and received in return, as it appears, the right to a quantity of water which should be necessary and which the Irrigation Commission should consider would be just and equitable. The agreement between The People of Porto Rico and the appellant contains other conditions which it is unnecessary to transcribe.

Subsequently the Legislature of Porto Rico formed an Irrigation Commission with authority to fix the value of the grants made and the seventh section of the Act of August 8, 1913, set out among other things as follows:

"*Provided, however,* that in no case shall the equivalent allowed for any such water right or concession be greater than the amount of water granted by, and beneficially used under, the said water right or concession as originally granted or as legally construed or limited."

And further provided that the amount of water sufficient for the purposes of irrigation should be four acre-feet per acre.

The Irrigation Commission determined that the irrigable area of Obdulia was 140 acres, proceeded to determine the water used on the farm for a series of five years from 1909 to 1913 inclusive, took the average for a year and considered that average as the grant to be made annually in acre-feet, but the appellant maintains that in making their calculations the commission only reckoned the months of February to August inclusive, which were the dry months of the year in that particular zone, leaving out the five months of freshets. On this basis the commission fixed the grant to Obdulia in 695.88 acre-feet. Both parties appealed to the District Court,

of San Juan, which made a change or reduction in favor of
The People of Porto Rico and the grantee Vendrell appealed.

The District Court of San Juan found, among other things,
that whether or not Obdulia had enough water for its crop
was dependent upon the rains; that the 695.88 acre-feet
allowed by the commission were calculated without making
an allowance of the preferred right of the three farms al-
ready named; that a part of the water taken by Vendrell
during the test five years was partially lawful and partially
not, meaning thereby, it appears from the rest of the opinion,
that Vendrell took a greater quantity than he would have
been entitled to if the proper deductions in favor of these
three farms had been made, probably doing so at times when
the other farms were not using their rights; that making
allowance for the preference in favor of the said three farms,
Obdulia was entitled to only 578 acre-feet; that the irrigable
area of Obdulia was 130 acres and the concession by the court
was made on a basis of about 144 acres. The commission
had previously found that the area subject to irrigation was
140 acres.

The appellant alleged three grounds of error:

"1. The court erred in considering that the Irrigation Commis-
sion acted properly in allowing the irrigable lands of the farm Ob-
dulia four feet of water per acre, notwithstanding the fact that upon
transferring the water concession for that water to The People of
Porto Rico its owner agreed that he in turn should be given the
water that was necessary, just and equitable.

"2. The court erred in considering that the Irrigation Commis-
sion acted properly in valuing the concession of water of Obdulia
by only taking into consideration the calculations made in the chan-
nel of the said farm during the months of February to August of
the years 1909 to 1912, inclusive, without regard to those correspond-
ing to the rest of the months of said years.

"3. The court erred in considering that under the Law of Waters
a second or subsequent grantee has no right to use the water of pre-
vious concessions to cover his own when the former grantees do not
wish to use them and leave them abandoned in the river."

With respect to the first assignment of error the appellant says that the commission was bound to give him an amount of water that should be considered necessary, just and equitable and that The People of Porto Rico had no right, *ex parte*, to limit the amount of water per acre to four acre-feet; that the expert of the Government gave testimony tending to show that four acre-feet was not a sufficient quantity for the crops of Obdulia in the dry years.

The whole question turns on what should be considered a "necessary, just and equitable" assignment of water under the terms of the agreement and the conditions of the grant. Neither of the parties has made a 'calculation to show us whether the grant of water finally allowed by the court exceeded or was less than the amount originally granted to Pages, the predecessor in title of Vendrell. We gather that 695.88 feet was more than the amount that Vendrell would be entitled to, making calculations on a basis of 8.65 cubic feet a second, the volume found by the court below that was conceded by the Spanish grant. The volume allowed by the court was less than Obdulia had actually taken in the five years and it follows that the owner now has a right to take an amount of water which would be less than the amount actually taken by him. The court, however, found that he had been taking more water than he had a right to under his original concession from the Government of Porto Rico. We think the words "necessary, just and equitable" refer to the conditions of the grant as well as to the needs of the appellant in the dry years. Furthermore, the agreement left the decision of what was "necessary, just and equitable" to the Irrigation Commission and the court found that that commission had allowed Vendrell the annual average of the whole amount of water taken by him for the five years, without allowing for the preferred right of the other three farms. So far as what should be the interpretation put upon the use of the words "necessary, just and equitable" is ·con-

cerned, the appellant has not convinced us that the court did not fulfill the terms of the agreement. Unless our calculations are wrong, the appellant is now getting a little more than would have been his right under the terms of the original grant from The People of Porto Rico, although he actually took more, without objection, apparently, from the owners of the other three farms.

The second assignment of error, in a way, is a branch of the first. The appellant says that in making a calculation of the amount of water for the months from February to August, both inclusive, and leaving out the freshet months, the intake of Obdulia would be bound to be less. The appellee points out that the only way of arriving at a certainty in this matter is to take the period covered more or less by the dry months, because it is the only period in which one could be certain of the amount that would pass on the average through the intake; that while the flow of the river was greater when there were heavy rainfalls, yet that the water was almost immediately carried off, and we think the appellee means that the difference in the intake would not be an enormous amount. The charts of the water taken show that Obdulia actually took in more during the five excluded months. The appellee also argues that taking and irrigation system in general during the rainy periods, a farm would need less for irrigation purposes than in the dry season and that hence irrigation calculations should be made for the period of dry months. We are not without some doubts.

On the third assignment of error we have no doubt at all, namely, that the laws of waters and the other laws of Porto Rico limit a grantee of waters to the amount of water that he would be entitled to after preferred claims are allowed, without taking into consideration whether the grantees of preferred rights use such rights or not. The residue was all that was granted to the predecessor of Vendrell. The ap-

pellee also points out that the right to unused waters belongs to the public and not to any particular grantee.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.